UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO HERRERA,<br><br>                              Plaintiff,<br><br>v.<br><br>GENERAL ATOMICS, CARLOS ROMAN DIAZ DE LEON, AND DOES 1-50,<br><br>                              Defendants. | Case No.: 21cv1632-AJB(BLM)<br><br>**ORDER DENYING JOINT STIPULATION TO AMEND THE SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**<br><br>**[ECF NO. 15]** |

On November 9, 2021, the parties filed a Joint Discovery Plan. ECF No. 5.

On November 22, 2021, then Magistrate Judge Linda Lopez issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. ECF No. 7.

On December 28, 2021, the case was transferred from the calendar of Judge Lopez to the calendar of Magistrate Judge Barbara Major. ECF No. 11.

On March 24, 2022, the parties filed a Joint Stipulation to Amend The Scheduling Order Regulating Discovery and Other Pre-trial Proceedings. ECF No. 15. The parties seek to continue the remaining case deadlines by anywhere from three to seven months. Id. at 2. Specifically, they request that "the dates proposed in the Parties' Joint Discovery Plan be adopted by this Court, or alternatively, dates chosen by this Court that more closely align with the dates proposed in the Parties' Joint Discovery Plan." Id.

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id.

The parties' motion is devoid of any support or argument for their requested continuance. The parties fail to provide any reason at all, let alone good cause for continuing the case deadlines. The parties do not make any attempt to show that they have been diligent thus far. The motion is silent with respect to what discovery has or has not been completed, what additional discovery remains, why the parties need an additional six months to complete that discovery, or why the parties requested almost a year to compete discovery in a standard employee discrimination, retaliation, and wrongful termination action.

Additionally, while the Court requests that parties submit Joint Discovery Plans in accordance with Fed. R. Civ. P. 16(b) and 26(f) and to seek their input in scheduling deadlines, the Court is not required to select the dates agreed upon by the parties as the Court "is mindful of the public's interest in the expeditious resolution of lawsuits and the courts' inherent power to control their dockets" which does not always align with the parties' proposed dates. Citadel Broadcasting Company v. Peak Broadcasting, LLC, 2008 WL 11463664, at *2 (D. Idaho, Jan. 24, 2007) (citing In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217 (9th Cir. 2006).

Finally, the parties emphasize that the close of fact discovery is less than four weeks from the filing of the instant motion. That facts does not establish good cause. The parties are not

entitled to a continuance because they asked for one four weeks before the close of discovery. Accordingly, the parties' motion is **DENIED**.[1]

**IT IS SO ORDERED**.

Dated: 3/25/2022

Hon. Barbara L. Major
United States Magistrate Judge

---

[1] The parties ask the Court to adopt a December 15, 2022 deadline for the close of expert discovery. ECF No. 15 at 2; see also ECF No. 5 at 4. After reviewing the Scheduling Order [see ECF No. 7], it does not appear that the Court has set a deadline for the close of expert discovery. Accordingly, all expert discovery must be completed by all parties on or before **August 8, 2022**.