UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO HERRERA,<br><br>           Plaintiff,<br><br>v.<br><br>GENERAL ATOMICS, CARLOS ROMAN DIAZ DE LEON, AND DOES 1-50,<br><br>          Defendants. | Case No.: 21cv1632-AJB(BLM)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR ORDER EXTENDING DEADLINES FOR COMPLETION OF FACT DISCOVERY AND EXPERT WITNESS DISCLOSURE AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES**<br><br>**[ECF NOS. 18 AND 19]** |

  Currently before the Court is Plaintiff's April 8, 2022 *Ex Parte* Application for Order Extending Deadlines [ECF No. 18 ("Mot.")], Defendant's April 12, 2022 Opposition to the motion [ECF No. 21 ("Mot. Opp.")], Plaintiff's April 8, 2022 Motion to Compel Further Responses to Request for Production of Documents to Defendant General Atomics, Set One [ECF No. 19 ("MTC")] and Defendant's April 15, 2022 Opposition to the motion [ECF No 26 ("MTC Oppo.")]. For the reasons set forth below, Plaintiff's *Ex Parte* Application for Order Extending Deadlines is **DENIED** and Plaintiff's Motion to Compel Further Responses to Request for Production of Documents to Defendant General Atomics, Set One is **GRANTED IN PART.**

## BACKGROUND

  On November 9, 2021, the parties filed a Joint Discovery Plan. ECF No. 5. On November 22, 2021, then Magistrate Judge Linda Lopez issued a Scheduling Order Regulating Discovery

and Other Pre-Trial Proceedings.  ECF No. 7.  On December 28, 2021, the case was transferred from the calendar of Judge Lopez to the calendar of Magistrate Judge Barbara Major.  ECF No. 11.

On March 24, 2022, the parties filed a Joint Stipulation to Amend the Scheduling Order Regulating Discovery and Other Pre-trial Proceedings.  ECF No. 15. On March 25, 2022, the Court denied the parties' motion after finding that the motion was "devoid of any support or argument for their requested continuance" and "[t]he parties fail[ed] to provide any reason at all, let alone good cause for continuing the case deadlines."  ECF No. 16.

On April 8, 2022, Plaintiff filed an *Ex Parte* Application RE: Order Extending Deadlines for Completion of Fact Discovery and Expert Witness Disclosure.  Mot. On April 11, 2022, the Court ordered Defendant to respond to Plaintiff's motion by close of business on April 12, 2022.  ECF No. 20.  Defendant filed a timely opposition the next day.  Mot. Oppo.  Plaintiff filed a reply on April 12, 2022, which he later withdrew and refiled on April 13, 2022.  ECF Nos. 22, 24, and 25.  On April 13, 2022, Defendant filed an Objection to Plaintiff's Improperly Filed Reply Brief.  ECF No. 23.  On April 15, 2022, the Court issued an order striking Plaintiff's reply.  ECF No. 27.

## DISCOVERY BACKGROUND

On November 12, 2021, the parties exchanged Initial Disclosures.  Mot. at 5.

On November 23, 2021, Plaintiff served Requests for Production of Documents, Set One.  See ECF No. 19-1, Declaration of Elizabeth M. Votra In Support of Plaintiff Ernest Herrera's Motion to Compel Further Response to Request for Production of Documents to Defendant General Atomics, Set One ("Votra Decl.") at Exh. A.  Defendant served its responses on February 4, 2022.  MTC Oppo. at 7; see also Votra Decl. at Exh. B; ECF No. 26-1, Declaration of Micha Danzig In Support of Defendants' Opposition to Plaintiff's Motion to Compel ("Danzig Decl.") at ¶ 3.

On March 2, 2022, Plaintiff's counsel emailed defense counsel to schedule a time to meet and confer and to request an extension of her deadline to file a motion to compel.  Votra Decl. at ¶ 5, Exh. C; see also Danzig Decl. at ¶ 4.   The following day defense counsel responded stating that he would discuss the request with his team and follow up with her.  MTC Oppo. at

8; see also Danzig Decl. at ¶ 5. After speaking with his team and reviewing Plaintiff's request, defense counsel followed up with Plaintiff's counsel on March 11, 2022. Id.; see also Danzig Decl. at ¶ 6. Defense counsel informed Plaintiff's counsel that her motion to compel deadline had already passed and that an extension could not be granted pursuant to the Court's order. Id.

On March 4, 2022, Defendant served interrogatories and RFPs on Plaintiff. Mot. at 5.

On April 1, 2022, counsel for Plaintiff, Elizabeth Marion Votra, and counsel for Defendant, Paul M. Huston, jointly contacted the Court regarding a discovery dispute. In regard to the dispute, the Court ordered Plaintiff to file his motion to compel by April 8, 2022 and Defendant to file its opposition by April 15, 2022. ECF No. 17. In accordance with the Court's order, the parties timely filed their motion and opposition. See MTC; see also MTC Oppo.

## **PLAINTIFF'S POSITION**

Plaintiff seeks to continue the deadlines for fact discovery, expert witness disclosures, rebuttal expert disclosures, Rule 26(a)(2)(B) disclosures, and supplemental disclosures by approximately three months.[1] Mot. at 4. In support, Plaintiff states that

> the Parties exchanged Initial Disclosures on November 12, 2021. Plaintiff served discovery on November 23, 2021. Defendant served discovery on March 4, 2022. Defendant obtained three (3) extensions to serve responses totaling 6.5 weeks. Plaintiff obtained a one-week extension to serve responses, due on April 11, 2022. The Parties exchanged numerous emails between March 3, 2022 and April 1, 2022; the Parties held a discovery conference in chambers on April 1. Plaintiff attempted to meet and confer on the topics for Person Most Qualified deposition on April 5, 2022. But Defendant will not provide availability for Defendant's PMQ, citing the current scheduling order. Defendant has unilaterally noticed Plaintiff's deposition

---

[1] Plaintiff is only seeking to extend the deadlines for fact discovery, expert witness disclosures, rebuttal expert disclosures, Rule 26(a)(2)(B) disclosures, and supplemental disclosures. ECF No. 18. However, if the request is granted, all of the case deadlines will have to be continued as supplemental expert designations, expert disclosures, and supplemental disclosures cannot be due after the close of expert discovery. Additionally, continuing the close of expert discovery would require continuing the pretrial motion filing deadline and all of the remaining dates as the District Judge will need sufficient time to rule on any pretrial motions prior to a pretrial conference.

> to occur on April 13, 2022. Since Plaintiff and counsel are unavailable on that date, Plaintiff served an objection to the deposition. The Parties require more time to complete fact discovery. Beyond that, the parties cannot adequately prepare expert reports until discovery is complete.

Id. at 5-6. Plaintiff also seeks an order compelling Defendant to supplement its responses to Plaintiff's RFPs. MTC. Specifically, Plaintiff wants Defendant to produce the following:

> 1. As to No. 22, Defendant's organizational chart; 2. As to Nos. 23-24, 29-36, 41-44, 46-50, and 61-63, a privilege log and/or supplemental responses to remove the word 'non-privileged' from the responses as well as all responsive documents; 3. As to Nos. 51-60, supplemental responses to include all responsive documents to requests seeking documents containing witness information; and 4. As to No. 64, a supplemental response to include all responsive documents to this request seeking all documents showing any layoff conducted that included Plaintiff; 5. As to No. 65, a supplemental response to include all responsive documents to this request seeking positions available at Defendant for which Plaintiff is qualified to fill from August 2020 to the present; and 6. As to Nos. 66-67, a supplemental response to include the declaration page from Defendant's insurance agreement.

MTC at 32.

## DEFENDANT'S POSITION

Defendant contends that Plaintiff's motion to extend deadlines should be denied as his "conduct is a far cry from the diligence required under Federal Rule of Civil Procedure 16 for the Court to extend the deadlines in its Scheduling Order." Mot. Oppo. at 2. Specifically, Defendant contends that Plaintiff missed his motion to compel deadline due to carelessness and failed to notice a single deposition. Id. at 2-4. Defendant states that it is able to complete discovery in compliance with the current deadlines and that Plaintiff's emergency application is an emergency of his own making. Id. at 2, 4.

With respect to Plaintiff's motion to compel, Defendant contends that the motion to compel is time-barred and, even if it was not time-barred, the requests are generally overbroad and improper. MTC Oppo.

///
///

## ANALYSIS

A. *Ex Parte* Application For Order Extending Deadlines

As an initial matter, the Court construes Plaintiff's *Ex Parte* Application RE: Order Extending Deadlines for Completion of Fact Discovery and Expert Witness Disclosure as a motion for reconsideration of the Court's March 25, 2022 Order Denying Joint Stipulation to Amend the Scheduling Order Regulating Discovery and Other Pretrial Proceedings as Plaintiff is attempting to obtain the same relief that was requested in the prior joint motion and denied in the Court's prior order. See ECF Nos. 15 & 16. Pursuant to Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. Civ.L.R. 7.1(i)(1). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Id. Local Rule 7.1(i)(2) permits motions for reconsideration within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."

Plaintiff has failed to satisfy the standard for a successful motion for reconsideration. Plaintiff's *ex parte* application does not contain a single fact or circumstance that did not exist on March 24, 2022 when the first request for a continuance of the case deadlines was made by the parties. At the time of the initial motion, Plaintiff was aware of parties' discovery efforts which is the sole basis for the instant motion requesting an extension of the case deadlines. Accordingly, Plaintiff has not provided the Court with any basis for reconsidering its previous order.

Even if the Court was inclined to reconsider its previous order, the result would be the same. Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving

party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id. Plaintiff has failed to establish good cause for requesting a twelve week continuance of the remaining case deadlines.

Plaintiff seeks to place the blame for his lack of diligence on Defendant in part because "defense counsel refused to meet and confer with Plaintiff's counsel telephonically for the purpose of Plaintiff's request for supplemental responses" [see Mot. at 7] but Plaintiff made no attempt to contact chambers about the alleged refusal despite the fact that Section V.A. of Judge Major's Chambers Rules states that "[i]f a party or lawyer fails to respond to opposing counsel's request to meet and confer for more than 72 hours, counsel may contact chambers and request a telephonic conference with the clerk assigned to the case or an appropriate briefing schedule."[2] Plaintiff does not explain this lack of diligence.

Plaintiff also does not explain his lack of diligence in pursuing satisfactory responses to his RFPs. Judge Major's Chambers Rules require discovery motions to be filed "within 30 days of the event giving rise to the dispute and only after counsel have met and conferred and communicated with the Court" as required by the Chamber's Rules. See Honorable Barbara Lynn Major U.S. Magistrate Judge, Chambers Rules-Civil Cases ("Judge Major's Chambers Rules") § V.E. Defendant responded to Plaintiff's discovery on February 4, 2022 so Plaintiff's deadline to file a motion to compel was March 7, 2022. Inexplicably, Plaintiff waited 26 days to even begin the meet and confer process and did not contact the Court to raise the discovery dispute until April 1, 2022, almost four weeks after the deadline. This lack of diligence is exacerbated by the fact that Plaintiff knew fact discovery closed in mid-April.

Finally, Plaintiff's other diligence claims are belied by his actions. The Court denied the parties' joint motion to extend discovery dates on March 25, 2022. Despite this adverse ruling, Plaintiff did not serve additional written discovery and did not notice any depositions. While

---

[2] Available at https://www.casd.uscourts.gov/judges/major/docs/Chambers%20Rules%20Civil.pdf.

Plaintiff argues that he was diligent because he met and conferred with defense counsel regarding Defendant's corporate deposition, Plaintiff does not explain why he failed to notice the corporate deposition or any other deposition within the fact discovery period and in accordance with the Federal Rules of Civil Procedure. Additionally, Plaintiff waited two weeks to file his motion for reconsideration and then filed it as an emergency *ex parte* motion, again in contravention of the Court's Chamber's Rules. See Judge Major's Chambers Rules § VIII. Plaintiff's failure to diligently pursue discovery is surprising and unacceptable because Plaintiff knew that Judge Lopez set shorter discovery periods than those requested by the parties and that the shorter deadlines required diligence by the parties. See ECF Nos. 7, 15.

Accordingly, Plaintiff's *Ex Parte* Application RE: Order Extending Deadlines for Completion of Fact Discovery and Expert Witness Disclosure is **DENIED**.

B. Motion to Compel Further Responses

Plaintiff's motion to compel is untimely. The Court's Chambers Rules clearly state:

> All discovery motions must be filed within 30 days of the event giving rise to the dispute and only after counsel have met and conferred and communicated with the Court as set forth above. The event giving rise to the dispute is NOT the date on which counsel reach an impasse in their meet and confer efforts. For written discovery, the event giving rise to the dispute is the service of the initial response or production of documents, or the passage of the due date without a response or document production.

See Judge Major's Chambers Rules § V.E. In addition, the Court warned the parties in the scheduling order that "[a] failure to comply [with the Court's procedures for resolving discovery disputes] will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court."[3] ECF No. 7 at 2.

As discussed above, the event giving rise to the instant dispute occurred on February 4,

---

[3] The scheduling order in this matter was issued by then Magistrate Judge Linda Lopez prior to the case being transferred to Magistrate Judge Barbara Major on December 28, 2021. ECF Nos. 7, 11.

2022, the date Defendant served responses to Plaintiff's written discovery. See Votra Decl. at Exh. B. Accordingly, the deadline for filing a motion to compel further response was March 7, 2022. Plaintiff did not comply with this deadline. In fact, the parties did not contact the Court to address the dispute until April 1, 2022 [ECF No. 17], fifty-six (56) days after the triggering event. See ECF No. 17.

The Court acknowledges that Plaintiff's counsel attempted to resolve this discovery dispute through meet and confer efforts, but those efforts did not begin until March 2, 2022, five days before the motion filing deadline. See ECF No. 18-1, Declaration of Elizabeth M. Votra in Support of Plaintiff's Ernesto Herrera's *Ex Parte* Application Re: Order Extending Deadlines for Completion of Fact and Expert Witness Disclosure at ¶ 7. Meet and confer efforts do not extend the filing deadline. See Judge Major's Chambers Rules § V.E. As a result, Plaintiff's motion to compel further responses violates the rules of this Court and is **DENIED** as untimely. See Stoba v. Saveology.com, LLC, WL 5040024, at *6 (S.D. Cal. Aug. 26, 2015) (affirming a Magistrate Judge's decision, which denied as untimely the plaintiff's joint motion to compel further written responses, based on the Magistrate Judge's chambers rules); Guzman v. Bridgepoint Educ., Inc., 2014 WL 3407242, at *4 (S.D. Cal. July 10, 2014) (denying a joint motion to extend the thirty-day period to bring a discovery dispute—as required by chambers rules—because submission of the joint motion to extend the thirty-day period was untimely); Mir v. Kirchmeyer, 2017 WL 164086, at *4 (S.D. Cal. Jan 17, 2017) (noting that it is "well within … [a Magistrate Judge's] discretion to reject" a party's discovery motion as untimely when the party fails to comply with chambers rules); Linlor v. Chase BankCard Servs., Inc., 2018 WL 3611102, at *4 (S.D. Cal. July 23, 2018) (denying an *ex parte* application to compel supplemental discovery "for failure to comply with Chambers' Rule[s].").

Because Plaintiff's motion to compel is untimely, the Court will not consider the full range of documents that Plaintiff is seeking. However, the Court will use its discretion to consider whether some discovery should be permitted despite the untimeliness of Plaintiff's motion. See Williams v. Diaz, 338 Fed. Appx. 725, 727 (9th Cir. 2009) (trial courts are vested with broad discretion to permit or deny discovery) (citation omitted).

        a.    Request Nos. 23-24, 29-36, 41-44, 46-50, and 61-63

Plaintiff argues that Defendant should be compelled to produce a privilege log or alternatively provide a supplemental response removing "non-privileged" from its responses to Requests Nos. 23-24, 29-36, 41-44, 46-50, and 61-63. MTC at 10-21. Defendant concluded its response to each of those requests with "GA will produce all responsive, non-privileged documents within its possession, custody, or control." Id. at 19; see also Votra Decl. at Exh. B. Plaintiff argues that the response is ambiguous and implies "that Defendant is withholding responsive, privileged documents" but since Defendant refuses to produce a privilege log, it is unclear. Id. at 19-20. Plaintiff further argues that Defendant has not satisfied its burden of demonstrating that particular documents are covered by the attorney-client privilege or work product protection. Id. at 20.

Defendant contends that RFP Nos. 23-24, 29-36, 41-44, 46-50, and 61-63 are overbroad and "invoke a potentially limitless number of privileged documents." MTC Oppo. at 12. Defendant explains that because all of the requests include the term YOU which Plaintiff defined to include all of Defendant's attorneys and outside counsel, numerous privileged documents are at issue. Id.

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5).

The Court agrees with Defendant that Plaintiff's definition of "YOU" renders the RFPs impermissibly overbroad and creates an unreasonable burden on Defendant to identify every privileged document. Accordingly, Plaintiff's motion is denied. Nonetheless, fairness dictates that if Defendant is withholding a responsive document on the grounds that it is privileged, Plaintiff is entitled to know. Defendant is ordered to reconsider the responsive documents by eliminating the Defendant's attorneys from the definition of "YOU." If under this new definition,

Defendant is withholding relevant responsive documents on the grounds that they are privileged, Defendant must provide a privilege log identifying those documents to Plaintiff by **May 13, 2022**.

        b.      Request No. 22

Plaintiff argues that Defendant should be compelled to produce its organizational chart in response to RFP No. 22 "which is a standard discovery request in a case like this where Plaintiff seeks punitive damages and must understand Defendant's corporate structure." MTC at 21. Defendant contends that the request is overbroad and does not include a request for Defendant's organizational chart. MTC Oppo. at 12-13.

Plaintiff's request seeks "Any and All DOCUMENTS that refer or relate to the STRUCTURE OF GENERAL ATOMICS." MTC at 21. Plaintiff defines STRUCTURE OF GENERAL ATOMICS as "the arrangement of individuals within the corporation according to power, status and job function. State the name, address and telephone number of each individual identified in the STRUCTURE OF GENERAL ATOMICS." Votra Decl. at Exh. A. This request is vague and massively overboard. Contrary to Plaintiff's arguments, the request encompasses far more than just the corporate organizational chart he claims to be seeking. As worded, the request seeks any document referring or relating to every single individual working for Defendant anywhere in the world and details about how those individuals are arranged within Defendant and it seeks personal contact information for every person. The request is not limited in time or to the components of General Atomics where Plaintiff worked. Because Plaintiff's motion is untimely and this request is vague, overbroad, and not proportional to the needs of this case, Plaintiff's motion to compel further response to RFP No. 22 is **DENIED**.

        c.      Request Nos. 51-60, 64

Plaintiff argues that Defendant should be compelled to produce documents containing witness information in response to RFP Nos. 51-60, 64. MTC at 22. Plaintiff argues that the requested documents are relevant, non-privileged and discoverable, and that Defendant's objections based on privacy rights are "non-sensical." Id. at 27.

Defendant contends that RFP Nos. 51-60, 64 are irrelevant and overbroad and seek

potentially privileged and private documents. MTC Oppo. at 13-14.

Generally speaking, RFP Nos. 51-60, 64 are overbroad. Plaintiff worked for Defendant from 2011- 2020. MTC at 5. The requests at issue are all unlimited as to time and Plaintiff fails to present any argument or evidence that interviews or discussions with other employees about Plaintiff from all of 2011-2020 have any relevance to the current matter. Id. at 22-28. Additionally, many of the requests are unlimited in scope. For example, RFP No. 59 seeks "[a]ny and all DOCUMENTS related to YOUR COMMUNICATIONS with any PERSON regarding PLAINTIFF" and RFP No. 56 seeks "[a]ny and all DOCUMENTS related to witness statements or DOCUMENTS sent to or received from other current or former EMPLOYEES of the Defendants, including drafts, YOU have prepared, requested, or obtained, or that are in YOUR possession." These requests are extremely overbroad, not tailored to this case, and are not proportional to the needs of the case.

The Court already has addressed Plaintiff's arguments regarding the withholding of documents based on privilege and Defendant's lack of a privilege log. See supra at 9.

Contrary to Plaintiff's arguments that Defendant's objections based on privacy rights are "non-sensical" because the documents being sought relate to Plaintiff's own employment, Plaintiff's requests are so overbroad and vaguely written that they do potentially infringe on the privacy rights of Defendant's employees. For example, RFP No. 54 seeks "[a]ny and all DOCUMENTS related to EMPLOYEES who were interviewed about PLAINTIFF'S TERMINATION." MTC at 23. As written, if an employee was interviewed about Plaintiff's termination, Defendant must produce all documents related to that employee. The requested documents are not limited in any way - not in time or in scope - and clearly seek potentially private information. In addition to not being proportional to the needs of the case, discovery of documents such as personnel files, which would be covered by RFP No. 54, "should be limited to material that is "clearly relevant" and not otherwise readily obtainable." James v. US Bancorp, 2021 WL 1890787, at *3 (C.D. Cal., May 11, 2021) (quoting Bernal v. United Parcel Serv., 2009 WL 10675955, at *2 (C.D. Cal. Oct. 27, 2009)). Plaintiff has not argued or shown that this type of information is clearly relevant to the instant matter.

Because the motion to compel is untimely and because RFP Nos. 51-60, 64 are dramatically overbroad and seek irrelevant and potentially private information, Plaintiff's motion to compel further responses to RFP Nos. 51-60, 64 is **DENIED**.

d.   Request No. 65

RFP No. 65 seeks "Any and all DOCUMENTS related to positions available for which Plaintiff is qualified to fill from August 2020 through present date." Votra Decl. at Exh. A. Plaintiff argues that the information requested in RFP No. 65 is directly relevant to this case and Defendant's response should be compelled. MTC at 29.

Defendant contends that RFP No. 65 is "poorly drafted and unreasonable" and would place an enormous burden on Defendant. MTC Oppo. at 15-16. Defendant notes that it has over thirteen thousand employees and has likely had thousands of job postings between 2020 and present day. Id. at 15. Defendant further contends that responding to RFP No. 65 would require Defendant to

> comb through hundreds or even thousands of job postings for each of its locations across the United States for the last two years; then, for each of the job postings, undertake an analysis for each one to determine whether Herrera "would have been," or is currently, "qualified" for each of them, which would require an interview with the hiring manager and HR business partner for each position (and for each hiring manager and HR business partner to review Herrera's information); all without any knowledge of Herrera's current skill set, qualifications, education, or experience, availability, work hours, or restrictions.

Id. at 15-16.

RFP No. 65 is vague and overbroad as it seeks all documents related to an unknown number of unidentified positions in unlimited geographic locations. In addition, the actions Defendant would have to undertake to respond to this overbroad RFP are not proportional to the needs of the case.

Because the motion to compel is untimely and because RFP No. 65 is overbroad and not proportional to the needs of the case, Plaintiff's motion to compel further responses to RFP No. 65 is **DENIED**.

e. Individual Skills Analysis ("ISA")

Plaintiff argues that Defendant is avoiding producing the Individual Skills Analysis ("ISA") it preformed when evaluating Plaintiff's termination as part of the reduction in force. Id. at 8. Plaintiff argues that Defendant "cannot have its cake and eat it too" and must produce the ISA. Id. Defendant responds that it offered to produce the ISA to Plaintiff with a limited privilege waiver, but Plaintiff did not respond as to whether he would agree to the waiver.

In light of Defendant's offer, Defendant is ordered to produce the ISA, pursuant to the limited privilege waiver described by Defendant in its opposition, to Plaintiff by **May 13, 2022**.

f. Request Nos. 66-67

RFP Nos. 66 and 67 seek "[t]he declaration page for any self-insurance coverage for the damages, claims, or actions that have arisen by Plaintiff's filing his Complaint" and "[t]he insurance policy for any policy of insurance that may have been in effect regarding this case. Plaintiff argues that Defendant should be compelled to produce documents relating to its insurance coverage. MTC at 29. Plaintiff notes that Defendant was required to produce this information without a discovery request. Id. at 30.

Defendant contends that Plaintiff is aware of Defendant's insurance coverage because it disclosed its insurance policies in its Initial Disclosures. MTC Oppo. at 17. In addition, Defendant contends that Plaintiff waived the right to pursue copies of the policies themselves and that Plaintiff's requests are pursuant to C.C.P. 2017.21, which does not apply in federal court.[4] Id.

Fed. R. Civ. P. 26(a)(1)(A)(iv) states that "[e]xcept as exempted by Rule 26(a)(1)(B) or

---

[4] California Code Civ. Proc., § 2017.210 states that "A party may obtain discovery of the existence and contents of any agreement under which any insurance carrier may be liable to satisfy in whole or in part a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. This discovery may include the identity of the carrier and the nature and limits of the coverage. A party may also obtain discovery as to whether that insurance carrier is disputing the agreement's coverage of the claim involved in the action, but not as to the nature and substance of that dispute. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial."

as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: . . . . for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."  While Defendant argues that it disclosed the existence of three separate policies, it does not state that it provided the polices for inspection and copying in accordance with Fed. R. Civ. P. 26.  Defendant's obligation to produce the insurance policies arises under the Federal Rules of Civil Procedure.  Accordingly, the untimely nature of Plaintiff's motion to compel is not a persuasive reason for denying Plaintiff's motion in this respect and Plaintiff's motion to compel further responses to RFP Nos. 66-67 is **GRANTED**.  See Alves v. Riverside County, 339 F.R.D. 556, 560 (C.D. Cal. 2021) ("disclosure under Rule 26(a)(1)(A)(iv) is absolute and does not need a showing of relevance") (citing Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc., 270 F.R.D. 141, 142 (E.D. N.Y. 2010) ("[Rule 26(a)(1)(A)(iv)] is absolute ... and does not require any showing of relevance.") (quoting U.S. Fire Ins. Co. v. Bunge N. Am., Inc., 244 F.R.D. 638, 641 (D. Kan. 2007)); Ill. Nat'l Ins. Co. v. Nordic Pcl Constr., 2013 WL 12133660, at *4 (D. Haw. Oct. 31, 2013) ("Reinsurance policies are discoverable pursuant to Rule 26(a)(1)(A)(iv), and no showing of relevance is required."); see also Wolk v. Green, 2008 WL 298757, at *2 (N.D. Cal., Feb. 1, 2008) ("the plain language of the rule requires a party to disclose, and to provide for inspection, "any insurance agreement", not just the declarations page of the policy").  Defendant must produce the requested insurance policies by **May 13, 2022**.

C. Sanctions

Defendant requests sanctions for Plaintiff's filing of the instant frivolous motion.  MTC Oppo. at 18-19.  Defendant argues that the motion "is defective in nearly every conceivable way."  Id. at 19.  Specifically, in addition to being untimely, the motion contains an improper declaration and exceeds the page limit set forth in Judge Major's Chambers Rules.  Id. at 18-19.  Defendant notes that it informed Plaintiff's counsel of the untimely nature of her motion prior to the motion being filed and Plaintiff proceeded anyway.  Id. at 18.  Defendant argues that Plaintiff

should be sanctioned "in an amount sufficient to compensate [Defendant] for being forced to oppose the untimely and procedurally defective motion." Id. at 18-19.

Pursuant to Fed. R. Civ. P. 37(a)(5)(B), if a motion to compel is denied, the Court

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

If a motion to compel is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Here, Defendant informed Plaintiff's counsel multiple times that her motion was untimely and provided Plaintiff's counsel with proper citations to the Court's scheduling order. See ECF No. 21-1, Declaration of Paul M. Huston In Support of Defendants' Opposition to Plaintiff's *Ex Parte* Application ("Huston Decl.") at Exh. A. Despite that warning and the clear language of the Court's scheduling order and Judge Major's Chambers Rules, Plaintiff chose to file an untimely motion to compel. In addition, the Court considered the arguments set forth in Plaintiff's motion and found that the majority of them were without merit and were not substantially justified. The Court however did order Defendant to supplement some of its responses and provide additional documents. Accordingly, the Court finds that Defendant is entitled to an award of a portion of its reasonable attorneys' fees. The parties are ordered to meet and confer by **May 20, 2022**, in an effort to agree on a reasonable amount of attorneys' fees. If the parties are unable to agree on an amount by May 20, 2022, then Defendant must file its motion for reasonable attorneys' fees by **May 27, 2022** and Plaintiff must file his opposition by **June 10, 2022**. No reply permitted.

**IT IS SO ORDERED**.

Dated: 5/3/2022

Hon. Barbara L. Major
United States Magistrate Judge